PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ZARYL G. BUSH, | CASE NO. 4:19-CV-768 |
| Plaintiff, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| STRUTHERS OHIO POLICE DEPARTMENT, *et al*., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | [Resolving ECF Nos. 4, 5] |

Pending before the Court is the Amended Complaint of *Pro se* Plaintiff Zaryl Bush, a state prisoner, against the Struthers Ohio Police Department, Detective Jeffrey Lewis, Detective Raymond Greenwood, and Chief of Police Timothy Rody. ECF No. 4 [Sealed]. Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. § 1983 prior to his incarceration, and those violations resulted in his current imprisonment. *Id*. at PageID #: 32.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff is presently incarcerated at the Lake Erie Correctional Institution. According to the Amended Complaint, the "incident" that led to the death of a fourteen-year-old child[1] occurred on January 21, 2013. *Id*. at PageID #: 33. Bush alleges he became the target for this

---

[1] Because Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 4) both include the name of the fourteen-year-old child, the Court Orders these filings sealed to protect the child's identity.

(4:19CV768)

 crime by the Struthers Police Department before any evidence was produced, and Defendants conspired to deprive him of his constitutional rights and impair his ability to receive a fair trial by conducting an insufficient investigation.[2]  *See id.* at PageID #: 33-38.

For relief, Bush asks the Court to award him damages in the amount of thirty-three million dollars.  *Id*. at PageID #: 39.

## II.  Standard of Review

*Pro se* pleadings are liberally construed by the Court.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  While some latitude must be extended to *pro se* plaintiffs with respect to their

---

[2] Plaintiff does not directly cite the criminal case brought against him in the Mahoning County Court of Common Pleas regarding the death of the child.  However, the Court may take judicial notice of the public dockets and opinions issued by other courts*.  Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.") (citation omitted).  Bush was arrested in January 2013 for the death of the child.  On June 19, 2013, he pleaded guilty to murder and other crimes, including child endangerment, intimidation, and tampering with evidence, and was sentenced to an aggregate sentence of thirty-three years to life in prison.  *State v. Bush*, 2014 WL 4976026, at *2 (Ohio Ct. App. Sept. 22, 2014).  On appeal, the Ohio Seventh District Court of Appeals affirmed Bush's conviction and sentence.  *Id*. at *9.  Bush filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the state court conviction at issue here, but the petition was recently denied by another branch of this Court.  *Bush v. Sloan*, 2019 WL 5072361, at *1 (N.D. Ohio Oct. 9, 2019).

2

(4:19CV768)

pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, 2018 WL 3135939, at \*1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

### III. Analysis

The Court finds that the Amended Complaint must be dismissed for two reasons. To the extent Plaintiff seeks to invalidate or set aside his state conviction or sentence pursuant to a § 1983 civil rights action, he fails to state a cognizable claim. A habeas corpus proceeding, not a civil rights action, is the appropriate remedy for a state prisoner to attack the validity of his conviction or the length of his sentence. *Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) ("Wright's claims are subject to dismissal to the extent his complaint may be construed as

3

(4:19CV768)

a direct attack on the validity of his confinement.") (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (a habeas corpus proceeding, not a civil rights action, is the appropriate remedy for a state prisoner to attack the validity of his conviction or length of his sentence)).

With respect to Plaintiff's request for money damages as a remedy for the alleged constitutional deprivations by Defendants that led to his conviction and incarceration, this action is barred by *Heck*. In *Heck*, the Supreme Court held that a plaintiff may not pursue a § 1983 damages action arising from an allegedly unconstitutional conviction or sentence unless and until the plaintiff shows that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Even with the benefit of liberal construction, nothing in the Amended Complaint suggests that Plaintiff's conviction and sentence have been called into question or invalidated by any of the means articulated by *Heck*. Accordingly, Plaintiff fails to state a cognizable § 1983 claim. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) ("Because [plaintiff's] confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for appointment of counsel is moot, and denied as such. ECF No. 5.

(4:19CV768)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |