PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZARYL G. BUSH, | ) | CASE NO.  4:19-CV-768 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| STRUTHERS OHIO POLICE | ) | **ORDER** |
| DEPARTMENT, *et al*., | ) | |
| | ) | [Resolving ECF No. 9] |
| Defendants. | ) | |

Pending before the Court is the motion of *pro se* Plaintiff Zaryl G. Bush pursuant to Fed. R. Civ. P. 59(e) for reconsideration of the Court's judgment (ECF Nos. 7, 8) dismissing Plaintiff's Amended Complaint.  For the reasons that follow, Plaintiff's motion for reconsideration is granted but, upon reconsideration, the Court adheres to its judgment.

## I.  Background

Plaintiff, a state prisoner, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the Struthers Ohio Police Department, Detective Jeffrey Lewis, Detective Raymond Greenwood, and Chief Timothy Rody.  ECF No. 4.  In his amended complaint, Plaintiff alleged he was the target of an investigation into the death of a fourteen-year-old child and Defendants conspired to deprive him of his constitutional rights by impairing his ability to receive a fair trial and conducting an insufficient investigation.  *See id.* at PageID #: 32-38.  For relief, Bush asked the Court to award him damages in the amount of thirty-three million dollars.  *Id*. at PageID #: 39.

(4:19CV768)

The Court conducted an initial screening of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Upon screening, the Court found that even with the benefit of liberal construction the amended complaint must be dismissed because (1) to the extent that Plaintiff sought to set aside his state court conviction and sentence, he failed to state a cognizable § 1983 claim because such relief was only available through a writ of habeas corpus; and (2) the instant § 1983 action for money damages, as a remedy for the alleged constitutional deprivations by Defendants that led to Plaintiff's conviction and sentence, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* ECF No. 7 at PageID #: 61-62.

## II.  Standard of Review

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks and citation omitted).  The Sixth Circuit has repeatedly held that Rule 59(e) does not present a second opportunity to argue a case or to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  As with all *pro se* pleadings, the Court must liberally construe Bush's motion for reconsideration.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

(4:19CV768)

### III. Analysis

Plaintiff's Rule 59(e) motion for reconsideration consists of three arguments. First, he claims that the Court misread his amended complaint as a habeas petition. ECF No. 9 at PageID #: 68-69. Second, Bush maintains that the amended complaint contains sufficient allegations to state a plausible claim for relief under the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Id.* at PageID #: 70-72.

Third, Bush argues that *Heck* does not bar this § 1983 civil rights action because he is attacking his conviction through a separate § 2254 action and, due to the statute of limitations applicable to § 1983 actions, he was required to pursue the instant action "prior to his conviction being terminated in his favor." *Id.* at PageID #: 72. Thus in the "interest of judicial economy," Bush requests "a [s]tay on all damages until the resolution of Bush's criminal appeals." *Id.*

With respect to Bush's first argument, the Court did not misconstrue his § 1983 action as a habeas petition. Rather, the Court simply indicated that "[t]o the extent Plaintiff seeks to invalidate or set aside his state conviction or sentence pursuant to a § 1983 civil rights action, he fails to state a cognizable claim[]" because "[a] habeas corpus proceeding, not a civil rights action, is the appropriate remedy for a state prisoner to attack the validity of his conviction or the length of his sentence." ECF No. 7 at PageID #: 61. None of the four factors that support a motion for reconsideration pursuant to Rule 59(e) are present in Bush's first argument for reconsideration.

With respect to his second argument, Bush reasserts his claims that Defendants violated his constitutional rights in connection with their investigation into the death of the child. A Rule

(4:19CV768)

59(e) motion is not properly employed when used by Plaintiff as a second opportunity to reargue

his case or make new or different allegations that could have been asserted earlier.  *See Sault Ste.*

*Marie Tribe of Chippewa Indians*, 146 F.3d at 374.

Finally with respect to his third argument, Plaintiff acknowledges that a § 1983 claim

which necessarily undermines the validity of a criminal conviction, as it does here, is barred by

*Heck* and "does not accrue until the criminal charges have been terminated in plaintiff's favor."[1]

ECF No. 9 at PageID #: 72.  Notwithstanding, Bush argues that he is "actively attacking his

conviction and sentence" under 28 U.S.C. § 2254 and, "[d]ue to the statute of limitations with

respect to § 1983 litigation, it was necessary for [him] to initiate this Complaint prior to his

conviction being terminated in his favor."  *Id.*

Plaintiff challenged his criminal conviction underlying the instant action pursuant to 28

U.S.C. § 2254 before another branch of this Court.  *See* NDOH Case No. 4:18-CV-864 ("Section

2254 Case").  That court denied Plaintiff's § 2254 petition and declined to issue a certificate of

---

[1] Under *Heck*, a plaintiff cannot succeed in a § 1983 action when the basis for the
claim necessarily implies the invalidity of a previous state criminal conviction.

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486-87.

(4:19CV768)

appealability.  *See Bush v. Sloan*, No. 4:18-CV-864, 2019 WL 5072361 (N.D. Ohio Oct. 9, 2019).[2]  Plaintiff appealed that judgment to the United States Sixth Circuit Court of Appeals but, on May 27, 2020, the Sixth Circuit declined to issue a certificate of appealability.  *See* Section 2254 Case at ECF No. 22.  Bush did not challenge the Sixth Circuit's decision before the United States Supreme Court.

Since Bush filed his motion for reconsideration, his § 2254 challenge to the criminal conviction–resulting from the investigation by Defendants that he claims violated his constitutional rights–has been fully litigated.  Bush's conviction was not called into question by that habeas process, nor has Bush alleged that his conviction has been otherwise reversed, invalidated, expunged by any of the means articulated by *Heck*.  *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) ("Because [plaintiff's] confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

Accordingly, having reconsidered its dismissal of the amended complaint as barred by *Heck*, the Court adheres to its decision and judgment.

---

[2] The Court may take judicial notice of the public dockets and opinions issued by other courts.  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.") (citation omitted).

(4:19CV768)

## IV.  Conclusion

For the foregoing reasons, the Court adheres to its decision (ECF No. 7) and judgment

(ECF No. 8) dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk shall

terminate Plantiff's Rule 59(e) motion (ECF No. 9).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision

could not be taken in good faith.


IT IS SO ORDERED.


 August 21, 2020                          /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge

6